**YOU ARE RECEIVING THIS NOTICE BECAUSE THE TRUSTEE IS OBJECTING TO YOUR CLAIM. PLEASE LOCATE YOUR NAME AND CLAIM(S) IN THE ATTACHED OBJECTION. IF YOU DO NOT RESPOND BY FEBRUARY 18, 2021 YOUR CLAIM MAY BE REDUCED, MODIFIED OR ELIMINATED.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WESTLAKE PROPERTY HOLDINGS, LLC, *et al.*, | ) ) ) | Case No. 19-22878 (Jointly Administered) |
| Debtors. | ) | Hon. Deborah L. Thorne |

### NOTICE OF THE TRUSTEE'S THIRD OMNIBUS OBJECTION TO CERTAIN AMENDED AND TARDILY FILED CLAIMS, AND RELATED HEARING

**PLEASE TAKE NOTICE** that on **February 25, 2021 at 9:00 a.m.**, I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, and present the **Trustee's Third Omnibus Objection to Certain Amended and Tardily Filed Claims**, a copy of which is attached.

**This objection will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the objection, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com. Then enter the meeting ID.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID.

**Meeting ID and password.** The meeting ID for this hearing is 160 9362 1728 – no password required. The meeting ID and further information can also be found on Judge Thorne's web page on the court's web site.

<u>**Your claim may be reduced, modified, or eliminated**</u>. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not want the Court to eliminate or change your claim, then you or your lawyer should file a written response to the Trustee's Third Omnibus Objection to Certain Amended and Tardily Filed Claims, in accordance with the response procedures set forth below. **If you do not object to the relief requested, an order will be presented to the Court and the relief requested may be granted**.

Every response to this objection must contain, at a minimum, the following information:

a. a caption setting forth the name of the Court, the name of the Debtor, the case number, and the title "Response of [Claimant Name] to Claim Objection;"

b. the name of the claimant and description of the basis for the amount of the claim;

c. a concise statement setting forth the reasons why the claim should not be disallowed or modified as set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection;

d. a copy of all documentation or other evidence of the claim, to the extent not attached to the filed proof of claim, upon which the claimant will rely in opposing the Objection;

e. the address(es) to which the Trustee must return any reply to the Response, if different from that presented in the claim; and

f. the name, address, and telephone number of the person (which may be the claimant or a legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant.

**PLEASE TAKE FURTHER NOTICE** that any response must be **filed** with the Clerk of the Court at the U.S. Bankruptcy Court, Dirksen Federal Building, 219 S. Dearborn St., Room 710, Chicago, IL 60604 (or through the Court's electronic filing service if you have retained an attorney) by **February 11, 2021**, and served by such date on counsel to the Trustee, Cozen O'Connor, 123 North Wacker Drive, Suite 1800, Chicago, Illinois 60606, Attn: Allen J. Guon, Esq.

|  | Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estates of Westlake Property Holdings, LLC and Pipeline – Westlake Hospital, LLC |
|---|---|
| Dated: January 13, 2021 | By: /s/ Allen J. Guon<br>One of his attorneys |

Robert M. Fishman
Allen J. Guon
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 382-3100

LEGAL\50458613\12                    2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WESTLAKE PROPERTY HOLDINGS, LLC, | ) | Case No. 19-22878 |
| *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Deborah L. Thorne |

**TRUSTEE'S THIRD OMNIBUS OBJECTION TO CERTAIN
AMENDED AND TARDILY FILED CLAIMS**

Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estates of Westlake Property Holdings, LLC and Pipeline – Westlake Hospital, LLC, hereby files this third omnibus objection ("Objection") to those claims (collectively, the "Disputed Claims") listed on **Exhibit A (Amended Claims) and Exhibit B (Tardily Filed Claims)**, and requests the entry of an order, substantially in the form attached hereto (the "Proposed Order"), granting the relief requested herein. In support of this Objection, the Trustee respectfully states as follows:

**Jurisdiction**

1. On August 6, 2019 (the "Petition Date"), Pipeline – Westlake Hospital, LLC ("Westlake") and Westlake Property Holdings, LLC ("Holdings," and together with Westlake, the "Debtors") filed bankruptcy petitions under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court"), designated as Case Nos. 19-11756 and 19-11757, respectively (collectively, the "Cases").

2. On August 13, 2019, the Delaware Court entered orders transferring the Cases to Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court") [*See* Bankr. DE Case No. 19-11756, Dkt. No. 59; Bankr. DE Case No. 19-11757, Dkt. No. 57].

LEGAL\50458613\1

3. On August 14, 2019, the Office of the United States Trustee appointed Mr. Bodenstein to serve as the successor chapter 7 trustee of the Debtors' bankruptcy estates (the "Estates" and each an "Estate").

4. On August 26, 2019, the Court approved the joint administration of the Cases for procedural purposes only.

5. The Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

6. On October 4, 2019, the Clerk of the Bankruptcy Court served the Notice Fixing Time For Filing Claims (the "Bar Date Notices") on all of the Debtors' creditors in these Cases [Case No. 19-22878; ECF No. 90; Case No. 19-22881; ECF No. 43]. Pursuant to the Bar Date Notices, **January 6, 2020** was fixed as the last day for the filing of prepetition claims by creditors other than governmental units (as defined in 11 U.S.C. § 101(27)) and **February 3, 2020** was fixed as the last day for the filing of prepetition claims by governmental units.

7. On May 14, 2020, the Court entered an order fixing July 15, 2020 as the last date for all persons or entities to file requests for payment of administrative expenses of the kind arising under 11 U.S.C. §§ 503(b) and 507(a)(2), which were incurred on or after the Petition Date through and including April 2, 2020.

8. As of the filing of this motion, 228 proofs of claim (the "Proofs of Claim") have been filed, asserting over $53.3 million in prepetition claims against the Estate. In addition, approximately 35 administrative expense requests have been filed asserting an as of yet unquantified amount of administrative expenses purportedly entitled to priority under sections §§ 503(b) and 507(a)(2) of the Bankruptcy Code.

9. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by the Clerk of the Bankruptcy Court for the Northern District of Illinois (the "Clerk").

### Relief Requested

10. By this Objection, the Trustee (a) objects to the Disputed Claims and (b) requests entry of an order pursuant to section 502 of the Bankruptcy Code and Rules 3001, 3007 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). For the reasons set forth below, the Trustee respectfully requests that the Court enter an order, in substantially the form of the Proposed Order attached hereto (a) disallowing the Amended Claims listed on **Exhibit A**, (b) modifying the Tardily Filed Claims listed on **Exhibit B**, and (c) granting such other and further relief as the Court deems just and proper.

### Basis for Objection

11. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

12. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Pringle Engineering and Mfg., Co.*, 164 F.2d 299, 302 (7th Cir. 1947); *Matter of Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *In re Carlson*, 126 F.3d 915, 921-22 (7th Cir. 1997). A party wishing to dispute such a claim must produce evidence in sufficient

force to negate the claim's prima facie validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.*

### A.    Amended Claims

13.    The Trustee objects to certain claims as having been amended or modified by the claimant, and thus superseded, by a subsequently filed proof of claim (the "Amended Claims"). The claims set forth under column heading "Surviving Claims" on **Exhibit A** are claims that were subsequently filed by or on behalf of the same claimants in respect of the same liabilities as the Amended Claims, as so indicated on the face of the Surviving Claims. The Surviving Claims have thus been amended and superseded the Amended Claims. By filing the Surviving Claims, the claimants liquidated, reduced, or otherwise modified the liability originally identified in the Amended Claims.

14.    The relief requested in this Objection is necessary to prevent the allowance of the Amended Claims, which by their nature have been superseded and remain on the Claims Register only as a technicality. Accordingly, the Trustee seeks to disallow in full the Amended Claims and thereby: (a) prevent the claimants from obtaining a double recovery on account of any single obligation; and (b) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities. *See, e.g., In re Handy Andy Home Improvement Ctrs., Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1988)("[I]t is axiomatic that one cannot recover for the same debt twice.").

15.    The Surviving Claims will remain on the appropriate Claims Register as outstanding liabilities, subject to the Trustee's right to object on any grounds that bankruptcy or

non-bankruptcy law permits or until withdrawn by the claimants or disallowed by the Court. *See, e.g.*, 11 U.S.C. § 502(a). The claimants will suffer no prejudice because the Surviving Claims will be unaffected by the relief sought in this Objection, and the claimants' rights to assert those liabilities against the applicable Estate will be preserved, subject to the Trustee's ongoing right to object to the Surviving Claims on any other applicable grounds, including that the Surviving Claims were filed after the claims bar date or other grounds set forth in the Trustee's subsequent omnibus objections.

16. Accordingly, pursuant to § 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, the Trustee (a) objects to the Amended Claims and (b) seeks entry of the Proposed Order disallowing the Amended Claims in their entirety.

### B. Tardily Filed Claims

17. The Trustee objects to certain claims as having been filed after the applicable claim bar date (the "Tardily Filed Claims") as provided in the Bar Date Notices. Tardily Filed Claims should be treated as tardily filed general unsecured claims as required under section 726(a)(3) of the Bankruptcy Code.

18. Section 726 of the Bankruptcy Code establishes the order of distribution of property in chapter 7 cases. In particular, section 726(a)(3) of the Bankruptcy Code provides in pertinent part, that property of the estate "shall be distributed . . . third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) . . ." 11 U.S.C. § 726(a)(3). Pursuant to section 726(a)(3) of the Bankruptcy Code, tardily filed customer claims should be treated as general unsecured creditors and accorded third priority distribution.

19. The claims set forth on **Exhibit B** are the Tardily Filed Claims that were filed either after the bar date set for general creditors (i.e., January 6, 2020) or the bar date set for

governmental units (i.e., February 3, 2020) as reflected in the Bar Date Notices. The Trustee reserves his right to object to the Tardily Filed Claims on any other applicable grounds, including that the Tardily Filed Claim is overstated or other grounds set forth in the Trustee's subsequent omnibus objections.

20. Accordingly, pursuant to sections 502(b) and 726(a)(3) of the Bankruptcy Code and Bankruptcy Rule 3007, the Trustee (a) objects to the Tardily Filed Claims and (b) seeks entry of the Proposed Order reclassifying the Tardily Filed Claims as tardily filed general unsecured claims accorded third priority under section § 726(a)(3) of the Bankruptcy Code.

## Separate Contested Matters

21. To the extent that a response is filed regarding any Disputed Claim and the Trustee and claimant are unable to resolve the response, each such Disputed Claim, and the objection by the Trustee to each such Disputed Claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each claim.

## Responses to Objection

22. On December 17, 2020, this Court granted the *Order Granting Trustee's Motion to Authorize Omnibus Objections to Claims and Approve Claim Objection Response Procedures* (the "Procedures Order") [ECF No. 343.] As set forth in the Procedures Order and in each Notice of this Objection sent to holders of Disputed Claims to contest this Objection, each holder of a Disputed Claim must file and serve a written response to this Objection (each, a "Response") so that it is received no later than February 11, 2021 (the "Response Deadline").

23. Every Response to this Objection must contain, at a minimum, the following information:

    a.     a caption setting forth the name of the Court, the name of the Debtor, the case number, and the title "Response of [Claimant Name] to Claim Objection;"

    b.     the name of the claimant and description of the basis for the amount of the claim;

    c.     a concise statement setting forth the reasons why the claim should not be disallowed or modified as set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection;

    d.     a copy of all documentation or other evidence of the claim, to the extent not attached to the filed proof of claim, upon which the claimant will rely in opposing the Objection;

    e.     the address(es) to which the Trustee must return any reply to the Response, if different from that presented in the claim; and

    f.     the name, address, and telephone number of the person (which may be the claimant or a legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of the claimant.

24.     If a claimant fails to file and serve a timely Response by the Response Deadline, the Trustee shall present the Proposed Order to the Court granting the relief requested herein without further notice or a hearing.

### Replies to Responses

25.     The Trustee may, at his option, file and serve a reply to a claimant's Response no later than February 15, 2021 or, to the extent the hearing on this Objection, or any portion thereof, is adjourned, by no later than one (1) day prior to the day of the adjourned hearing.

### Reservation of Rights

26.     The Trustee hereby reserves the right to object in the future to any of the Disputed Claims listed in this Objection or in the exhibits attached hereto on any ground, and to amend, modify and/or supplement this Objection, including, without limitation, to object to amended or

newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

27. Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Trustee may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise any right of setoff against the holders of such claims relating to such avoidance actions.

**Notice**

22. The Trustee has provided notice of this Objection in accordance with Bankruptcy Rule 3007 and the *Order Granting Trustee's Motion to Authorize Omnibus Objections to Claims and Approve Claim Objection Response Procedures*. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter an order, substantially in the form the Proposed Order attached hereto, granting the relief requested herein, and granting such other and further relief as the Court deems just and proper.

    Ira Bodenstein, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estates of Westlake Property Holdings, LLC and Pipeline – Westlake Hospital, LLC

Dated: January 13, 2021

By: /s/ Allen J. Guon
    One of his attorneys

Robert M. Fishman
Allen J. Guon
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 382-3100

LEGAL\50458613\1                   8