IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WESTLAKE PROPERTY HOLDINGS LLC *et al.,* | ) ) ) | Case No. 19-22881 (Jointly Administered) |
| Debtors. | ) | Hon. Deborah L. Thorne |

**RESPONSE OF DR. BEHROOZ ESHAGHY TO NOTICE OF TRUSTEE'S SIXTH OMNIBUS OBJECTION TO CERTAIN OVERSTATED, MISCLASSIFIED, TARDILY FILED AND NO LIABILITY CLAIMS [DKT. 111]**

NOW COMES Behrooz Eshaghy M.D. ("Claimant"), by and through his counsel, and in response to the Notice of Ira Bodenstein, not individually but solely as the Chapter 7 Trustee ("Trustee") of the bankruptcy estates of Westlake Property Holdings LLC and Pipeline-Westlake Hospital LLC (the "Debtors") of his Sixth Omnibus Objection to Certain Overstated, Misclassified, Tardily Filed and No Liability Claims [Dkt. 111] (the "Objection"), states as follows:

1. Claimant is a licensed physician in the State of Illinois and prior to August 6, 2019 was the director of Cardiology for Westlake Hospital ("Westlake").

2. On August 6, 2019, the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (together, the "Cases").

3. On August 13, 2019, the Delaware court transferred the Cases to the U.S. Bankruptcy Court for the Northern District of Illinois, where they are jointly administered as Case No. 19-22878.

4. Subsequent to the transfer of the Cases, the Trustee was appointed as the Chapter 7 trustee for the Debtors.

5.  On January 4, 2020, Claimant filed a timely filed a proof of claim against the Debtors in the amount of $40,750.00 (the "Claim"). The Claim is pending as Claim No. 121-1 in the Pipeline-Westlake Hospital LLC case (No. 19-22881). A copy of the Claim is attached hereto as Exhibit A to the Declaration of Claimant ("Declaration"). The Declaration is attached hereto as Exhibit 1.[1]

6.  On or about August 23, 2021, the Trustee filed a Sixth Omnibus Objection to Certain Overstated, Misclassified, Tardily Filed and No Liability Claim [Dkt. 111] (the "Claim Objection"). The Claim Objection included an objection to the Claim on the alleged basis that the Claim is overstated according to the books and records of the Debtors. In his Claim Objection, the Trustee suggests reducing the Claim to $1,021.00. The Objection provides no further basis to reduce the Claim.

7.  Since the filing of the Claim Objection, Claimant has exchanged information and documentation with the Trustee supporting the Claim. Based upon the documentation still in the possession of Claimant, Claimant can provide a basis for claim against the Debtors in the amount of not less than $25,850.00. The Trustee has provided no documentation to refute that Claimant is owed not less than $25,850.

8.  The Declaration provides sufficient support for entry of an Order allowing the Claim in the amount of $25,850. If necessary, Claimant can further testify in support of the Claim.

9.  Based on the foregoing, the Trustee's objection should be denied, and an Order allowing the Claim in the amount of $25,850 should be entered.

---

[1] Due to scheduling conflict an unsigned copy of the Affidavit is attached. Claimant will supplement with a signed copy.

Dated: December 15, 2021                        BEHROOZ ESHAGHY, M.D.

                                                          By:   /s/ Miriam R. Stein
                                                                      One of his Attorneys

Miriam R. Stein
Gutnicki LLP
4711 Golf Road, Suite 200
Skokie, IL 60076
(847) 745-6592
mstein@gutnicki.com
www.gutnicki.com