June 13, 2022

Re: Response of **Natasha K. Gordon** to Claim Objection

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JUN 16 2022

JEFFREY P. ALLSTEADT, Clerk
INTAKE 2

To: Trustee, Cozen O'Connor

123 NORTH WACKER DRIVE, SUITE 1800

CHICAGO, IL 60606

Attn: Allen J. Guon, Esq

The following is a response to the Third Omnibus objection to Certain Amended and Tardily Filed Claims in the case involving Westlake Property Holdings, LLC et al.

As per the requirements, my objections are as follows:

a) **Name of Court:** United Bankruptcy Court, Northern District of Illinois, Eastern Division
   **Debtor:** PIPELINE-WESTLAKE HOSPITAL, LLC et al
   **Case No.** 19-22881

   RESPONSE OF **NATASHA K. GORDON** to CLAIM OBJECTION

b) Claimant Natasha K. Gordon responds to the objection on the basis that my for wages in the amount of $16,047.00 is based on wages earned from employment as well as accrued benefits based on those hours worked that were unused at the time of discontinuation of employment by the debtors; it is not a duplicate claim but rather the single claim submitted in response to information requested by the responsible parties handling the case. Any information suggesting that I am seeking compensation in this or any other amount in any other case or elsewhere is false and would have been done without my knowledge or consent.

c) The claim should not be disallowed or modified because it is not a duplicate claim. I filed a single claim in response to information received and have always asserted that the amount due to me was $16.047.00; the same amount stated on the correspondence requesting this reply. Also, the facility (Westlake Hospital) closed abruptly without notice and did not provide the required 90 day severance owed to me, nor did they pay the accrued benefits owed to me at the time of the disillusionment of my employment. As a result of this, I suffered significant financial hardship and emotional damage which continues every time I am required to respond to an objection aiming to disallow my right to monies that I earned through earnest work for the facility.

d) Documents were provided to the responsible parties in the initial filing of the claim and when applicable, the lack of them was explained. With respect to accrued benefits, such documents became unavailable prior to the facility closing and we were unable to access updated accounting of earned time because they disabled passwords and access to that system altogether so the amount requested reflects the lesser amount of the last known benefit prior to closing and not what it should have been at the time they barred us from updated data.

e) Trustee may return any reply to me at: **NATASHA K. GORDON** 30 W Burlington Ave; Westmont; IL 60559

f) Claimant possessing ultimate authority to reconcile, settle or otherwise resolve claim: **Natasha K. Gordon;** 30 W. Burlington Ave; Westmont IL, 60559

Regards,
Natasha K. Gordon, BSN, RN